Richardson J.
delivered the opinion of the Court.
There is no question of the legal principle, that all the parties to a contract made with another, who, by such contract, becomes their debtor, must join in the action to recover the debt due. But what is the evidence?
1 st. Delettre, the mill agent of defendant, acknowledges in what has been called an order, that the two rafts of timber were purchased of L. Watts, the plaintiff, for the defendant. 2d. Prince, the plaintiff’s witness, states that the timber was delivered at Buck’s mill, for the plaintiff, and thereupon Delet-tre gave the order, which acknowledges the timber to be purchased of L. Watts.
*295 But Prince further states, that Watts and Cade claimed the timber together; i. e., Cade had a part “that Watts hired them,” and the two Watts’, for wages, and relates the particular interest of Cade; (see the c* idence of Prince.)
The non-suit was ihen moved for, because Cade had not joined in the action. But it is plain, that the Court at least could not, from such evidence, assume that Cade was the partner of Watts, and not his mere agent, like witness himself, and the two other Watts;’ and when too Dclettre had purchased and received the timber of L. Watts alone, who, in the sale and delivery, appears as the sole vendor, and must at least prima facie be so considered. The plaintiff, therefore, had not put his case, so plain before, out of Court, upon the mere doubt of the precise interest of Cade, i. e., whether he was a principal owner or the agent of plaintiff, in getting out the timber upon certain terms agreed upon. It followed that the plaintiff then had a “prima facie” case, which must go to the jury. This disposes of the appeal requiring á non-suit. The motion for a new trial depends upon the effect of the release by the plaintiff, and by J. and C. Watts, and Prince, to Cade, of two rafts of timber, then in the possession of Cade. This release is dated two days after the delivery of the two rafts at Buck’s mill, and possibly may refer to the same timber, and may possibly amount to a virtual assignment by the plaintiff, Watts, of his sale of the timber to the defendant, made two days before. As Cade is not a party to the present action, I would not decide what may be its proper character and effect upon the rights of the plaintiff’s demand upon Buck for the amount of the sales. The sales by Watts are certain, and Buck ought to pay the amount to Watts, or somebody. The release can, in no view of it, do more than assign to Cade the account of Watts against Buck. But that cannot change the form of the action. It may be still in the name of the vendor. Watts, although for the use of his assignee, Cade, of an open account for the timber sold and delivered. There may be some uncertainty, and perhaps two opinions, upon the exact, eventual interest of Cade. He is not before the Court, but how his possible outstanding claim upon the vendor, Watts, can *296 legally justify the vendee in withholding the money, I cannot perceive.
The motions are therefore, dismissed.
O’Neall J., Evans J., Frost J., and Withers J., concurred.